### HARRY B. ELLIS *vs.* NATHAN B. WALDRON *et al.*

In trespass on the case for personal injuries caused by the fall of an elevator the declaration alleged that the defendants had granted to the plaintiff's employers as part of their leasehold interest in the premises where the accident happened, the use of the elevator for the purpose of raising and lowering their goods; that the plaintiff was at the time of the accident rightfully and lawfully upon the elevator engaged in his employment of raising and lowering the goods of his employers, the lessees of the defendants, and in the exercise of due care; that he had no knowledge of the defective and unsafe condition of the elevator, but that it was defective and unsafe, which fact was known to the defendants or might have been known to them by the exercise of proper care and diligence:

*Held*, that the elevator not being under the control of the plaintiff so as to make it his duty to examine the same and ascertain for himself whether it was suitable and safe for the uses to which it was put, he was not required to set out in his declaration specifically the nature of the defect in the elevator, or in what way it was unsuitable and unsafe.

*Held*, further, that the declaration set forth with sufficient certainty what the plaintiff was employed to do, and the particular work he was engaged in at the time of receiving the injury.

The declaration alleged that the defendants owed the plaintiff the duty to keep and maintain the elevator in a safe and suitable condition for the use of the lessees and their employees, and set out the facts on which that duty was founded;

*Held*, that the defendants' duty to the plaintiff sufficiently appeared in the declaration.

TRESPASS ON THE CASE for personal injuries. Certified from the Common Pleas Division on demurrer to the declaration.

*February* 14, 1896. TILLINGHAST, J. The defendants have demurred to the plaintiff's declaration in this case on the following grounds: (1) That it does not appear by said

declaration in what way the elevator in question was defective, unsuitable and unsafe, so that the defendants should be put upon their inquiry; (2) that it does not appear by said declaration what duty said defendants owed to the plaintiff; and (3) that the plaintiff does not set forth specifically what he was employed to do, nor the particular work he was engaged in at the time of receiving the injuries complained of, but merely an inference or conclusion of law, viz., that he was rightfully and lawfully upon said elevator for the purpose of raising and lowering goods of said Greene, Anthony & Co., from the third floor of said building.

The first contention of defendants' counsel in support of his demurrer is that, in order to allege negligence the plaintiff must set out specifically in his declaration what the defect was or in what way the elevator was unsuitable or unsafe. This contention is clearly in accordance with the general rule in cases of negligence. *Smith* v. *Tripp*, 13 R. I. 152; *Wilson* v. *N. Y., N. H. & H. R. R. Co.*, 18 R. I. 491. But this rule is not without exceptions, and we think this case is embraced in that class of exceptions of which *Cox* v. *Providence Gas Co.*, 17 R. I. 199, is an example. In that case it was substantially held that where a servant is injured in the course of his employment, in consequence of some defect in a machine or instrument not under his control, which defect he is unable to discover, the rules of pleading do not require him to specify such defect. In other words, that the rules of pleading are not so rigid as to be unreasonable. See also *Parker* v. *Providence & Stonington Steamboat Co.*, 17 R. I. 376. In the case at bar, the declaration shows that the defendants had granted to their lessees, Greene, Anthony & Co., as a part of their leasehold interest in the premises where the accident happened, the use of the elevator in question for the purpose of raising and lowering goods and wares in the course of their business. This grant, however, did not have the effect to put the elevator under the control of the plaintiff, who was a servant and employé of said Greene, Anthony & Co., so far as the construction, condition or state of repair of said elevator is concerned. In other words, it

was only under his control in so far as the using of the same in connection with the discharge of his duties to his employers was concerned. It did not become his duty to examine or inspect the elevator, in order to ascertain for himself whether it was suitable and safe for the uses assigned to it; but in the absence of obvious defects, of which of course he was bound to take notice, he had the right to presume that it was safe and free from defects. He alleges that he was in the exercise of due care; that he had no knowledge of the defective and unsafe condition of the elevator, its attachments and apparatus, but that it was defective and unsafe, and that this fact was known to the defendants or might have been known to them by the exercise of proper care and diligence. To require more than this, we think would be unreasonable. The mere fact that the elevator fell, taken in connection with the attendant circumstances, may be sufficient to raise a presumption of negligence and thereby cast upon the defendants the burden of establishing their freedom from fault. That is to say, when the machine or thing in question is shown to be under the control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the control exercise proper care, it affords *prima facie* evidence that the accident happened from want of due care. *Mullen* v. *St. John*, 57 N. Y. 567 ; *Bridges* v. *North London Railway Co.*, L. R. 6 Q. B. 377, 391 ; Shearman & Redfield, Negligence, 4th ed. § 59, and cases cited. See also note on the maxim of " *Res ipsa loquita*," 2 Thompson, Negligence, 1227–1235 ; 16 Amer. & Eng. Encyc. of Law, 449–451. The rule that such an accident may be of such a nature as to raise a presumption of negligence is fully sustained by the authorities collected in the opinion of the court in *Cummings* v. *National Furnace Co.*, 60 Wis. 603, on page 612. See also *Goodsell* v. *Taylor*, 41 Minn. 207 ; *Treadwell* v. *Whittier*, 80 Cal. 574.

As to the second ground of demurrer, it is sufficient to say that we think the duty which the defendants owed to the plaintiff to keep and maintain the elevator in a safe and suitable condition for the use of the said lessees and their em-

ployés, is sufficiently stated in the declaration. It sets out the facts upon which the supposed duty is founded, together with the duty to the plaintiff, with the breach of which the defendant is charged. *Smith* v. *Tripp, supra.*

As to the third and last ground of demurrer, we are of the opinion that the declaration is not defective in the particulars suggested. It alleges that at the time of the accident he was rightfully and lawfully upon the elevator for the purpose of raising and lowering goods of said lessees, and avers that *while engaged in his said employment in and upon said elevator*, and being in the exercise of due care, he received the injury complained of. We think the averment that he was rightfully on the elevator and engaged in his employment under said lessees, is sufficiently specific without setting out particularly what he was employed to do, or the particular work he was engaged in,—that is, the particular goods he was actually raising or lowering,—at the time of the accident.

Demurrer overruled and case remitted to the Common Pleas Division for further proceedings.

*Nathan W. Littlefield, Walter R. Stiness & Edward C. Stiness*, for plaintiff.

*Henry W. Hayes & Frederic Hayes*, for defendants.