AVIS C. REYNOLDS *vs.* NARRAGANSETT ELECTRIC LIGHTING
COMPANY.

PROVIDENCE—OCTOBER 28, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Negligence. Electricity.*

In an action for negligence arising from the burning out of a transformer of
defendant, whereby an excessive current of electricity was let into the
premises of plaintiff, which were wired and insulated for a low voltage
which plaintiff had contracted with defendant to receive, evidence con-
sidered, and

*Held,* to sustain verdict.

(2) *Negligence. Prima facie Case. Apparatus under Control of Defendant.*

In an action for negligence, where an apparatus is wholly under the control
of the defendant its breaking down or functional derangement is infer-
entially evidence of negligence on the part of the defendant, making out a
*prima facie* case for the plaintiff and casting upon the defendant the burden
of rebutting the same.

(3) *Special Verdicts. "Falsa orthographia sive falsa grammatica non vitiat
Concessionem."*

The fact that a special verdict is inartificially stated will not vitiate it where
the meaning is apparent.

(4) *Annuity Tables.*

Standard life and annuity tables showing at different ages the probable dura-
tion of life and the present value of a life annuity are competent evidence
to assist the jury in arriving at the pecuniary value of the life of deceased
in an action of the case for death by wrongful act.

(5) *"Death by Wrongful Act." Measure of Damages.*

The rule for the measure of damages in an action under Gen. Laws cap. 233,
§ 14, for the recovery of damages for death caused by the "wrongful act,
neglect, or default of another," established in *McCabe* v. *Narragansett Co.*,
26 R. I. 427, affirmed.

ACTION OF THE CASE for death by wrongful act. Heard
upon defendant's petition for a new trial, and petition granted
for assessment of damages.

DUBOIS, J. This is an action of the case, brought by the
widow and next of kin of Nathaniel T. Reynolds, deceased, to
recover damages for his death, which is alleged to have been

caused by the wrongful act, neglect, and default of the defendant.

(1)  The deceased was killed in the cellar of the Masonic building, in East Greenwich, R. I., while attempting to turn on an incandescent electric light, by an electric current furnished by the defendant, who caused it to enter a transformer, outside of the building, in an alternating current of about two thousand volts, for the purpose of being there transformed into a current of about one hundred and four volts before entering the building. The accident occurred through a burning out, breaking down, or other weakened condition of the transformer, which incapacitated it from doing its work, with the result that, instead of the intended current of one hundred and four volts, the alternating current of two thousand volts was received into the lighting system of the building, and, through that, into the body of the deceased as he stood grounded upon the cellar bottom.

(2)  The transformer was an apparatus wholly under the control of the defendant, and its breaking down, or functional derangement, is inferentially evidence of negligence on the part of the defendant, thus making out a *prima facie* case for the plaintiffs, and casts upon the defendant the burden of rebutting the same to the satisfaction of the jury.

As the verdict of the jury was in favor of the plaintiff, it is manifest that, in their opinion, the burden was not so sustained.

Is the verdict against the evidence?

The defendant attempted to meet the presumption of negligence by proof that the transformer which failed was made by a reputable manufacturer.

But the questions: Who purchased it, and when? How long was it in service, and what was its service? What was its condition at the time of its installation at the place where it gave out? Was it worn out or suddenly disabled? Was it ever inspected after its last installation and others as pertinent? remain unanswered.

We are led to the conclusion that the jury were right.

As to the alleged errors of the court:

The defendant requested the court to charge: "The de-

fendant was not responsible for any accident occurring from defects in the interior wiring or arrangement of lamps, if that work was not done by defendant and the defendant had no control over it." The court so charged, but added: "Unless the defendant was also guilty of negligence in the outside wiring, or in its connection with the inside wiring."

We see no error.

Interior wiring for and arrangement of incandescent lamps sufficient to safely carry one hundred and four volts of electricity can not be considered defective simply because they could not control nearly twenty times that force or amount. It is not necessary in the ordinary wiring of a building for incandescent electric lighting, and in the arrangement of lamps therein for the purpose, to anticipate and prepare for the access of dangerous or deadly currents of electricity through its wires subsequent upon the failure of apparatus wholly under the control of an electric lighting company. The installer of an interior electric lighting incandescent plant is not an insurer against accidents caused by the imposition upon it of burdens beyond its control and far in excess of its normal capacity.

There was no evidence tending to show that the accident occurred in consequence of defects in the interior wiring or arrangement of lamps, and so the request could well have been refused, but, as given, there is no valid objection to the modification.

The second request to charge, as modified, is substantially similar to the first, and for the same reasons we find no error.

The fourth request to charge, refused by the court, was as follows: "It would not be negligence for the defendant to omit the grounding of its secondary wires, if the desirability of such grounding, as a means of safety, was in dispute among electricians."

It was not error upon the part of the presiding justice to refuse this request; the court had sufficiently charged the jury upon that point.

The defendant's fifth request to charge that: "It would not be negligence for the defendant to omit the grounding of the secondary wires if they were not permitted to do so," was

properly refused by the court. The request as framed was too broad.

The seventh request of the defendant to charge: "The defendant was not responsible for the action of lightning upon the transformer and was not bound to employ a doubtful or disputed means for preventing an increased voltage upon the interior wires," was properly refused by the court who had correctly stated the law upon this point in his charge to the jury. A judge may well refuse to give undue emphasis to one portion of his charge over another in the form of requests to charge.

The defendant also requested the court to charge: "The defendant had the right to assume that the interior wiring was properly done and that the lamps in the cellar were placed and arranged in a manner that would insure the greatest degree of safety."

This request was rightly refused. The rule attempted to be laid down is altogether too broad. The defendant had the right to assume that the interior wiring was properly done and that the lamps in the building, including those in the cellar, were properly placed and arranged in a manner that would with reasonable safety receive and use an electric current of about one hundred and four volts.

(3) The seventh objection is that the alleged special question propounded to the jury is not a question at all, and the answer of the jury thereto is not material.

The question as put is: "At the time of the accident, was the opinion of a great majority of the best experts that it was desirable to ground secondary wires as a means of safety to life?" The answer of the jury is, "Yes."

"*Falsa orthographia sive falsa grammatica non vitiat concessionem.*" Neither will bad grammar vitiate a special verdict when its meaning is apparent. The meaning and intention of the question is apparent, and it was answered by the jury. It is not of the highest importance in the case, but it does no harm, and the exception thereto is overruled.

(4) The defendant took exception to the ruling of the presiding justice admitting annuity tables to assist the jury in arriving

at the pecuniary value of the life of the deceased. We see no error in this. Standard life and annuity tables showing at different ages the probable duration of life and the present value of a life annuity have been held to be competent evidence. *Vicksburg, &c., R. R. Co.* v. *Putnam*, 118 U. S. 554; *Sauter, Admr.*, v. *N. Y. C. & H. R. R. Co.*, 66 N. Y. 50; *Copson* v. *N. Y., N. H. & H. R. R.*, 171 Mass. 233.

(5)   The defendant also claims that the damages awarded are excessive.

The amount awarded is $18,500. The decedent's age at the time of his decease was fifty-one years, and up to the time of his death he was in perfect health and was a man of unusual activity. His expectation of life according to the actuaries, table was 19.50 years, and under the American experience table, 20.02 years. Thus he had every expectation of reaching the scriptural limit of three score years and ten. Can we say that the jury overvalued such a life?

We must assume that the verdict of the jury was based upon the evidence and was reached by a proper application of the rule governing the measure of damages in such cases.

The rule as stated in the case of *McCabe, Admx.*, v. *Narragansett Electric Lighting Company*, recently decided by this court, is to ascertain first the gross amount of the prospective income or earnings of the deceased, then to deduct therefrom what he would have to lay out as a producer to render the service or to acquire the money that he might be expected to produce, computing such expenses according to his station in life, his means and personal habits, and then to reduce the net result so obtained to its present value. In other words, to find his net income or earnings from facts in evidence, and not by guess work, in order to apply the annuity tables thereto and ascertain its present value.

There was no evidence offered in this case to the jury as to such personal expenses, and therefore the jury were deprived of its aid in reaching a verdict.

We are of the opinion that the parties hereto are entitled to the benefit of the judgment of a jury upon the amount of dam-

ages sustained, to be computed in accordance with the foregoing rule.

Case remitted to the Common Pleas Division for a new trial solely upon .the question of the amount of the plaintiff's damages.

*David S. Baker and Lewis A. Waterman*, for plaintiff.
*Walter B. Vincent*, for defendant.