GERARD L. CINQ-MARS *vs.* JAMES F. KELLEY *d.b.a.* KELLEY'S CRANE SERVICE.

FEBRUARY 25, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

POWERS, J. This is an action of trespass on the case seeking damages for personal injuries allegedly occasioned by the defendant's negligence while the latter was an independent contractor and engaged in work in which the plain-

tiff was assisting as the employee of another. The case was tried to a superior court justice, sitting without a jury, and resulted in a decision for the plaintiff for $17,500 and costs. It is before us on the defendant's bill of exceptions, but he presses only his exception to the decision. His other exceptions being neither briefed nor argued are deemed to be waived.

The record establishes that plaintiff, while in the employ of Perry's Express Company, was engaged on October 2, 1959 in transporting to and placing in New England Lace Company's mill located in the city of Pawtucket three large looms. The defendant, hired by Perry's Express Company, was the owner and operator of a crane which had been rented to raise the looms, each of which weighed approximately from twelve to fifteen tons, from a flatbed trailer to an opening in the mill wall located some eight feet above the trailer.

The record also establishes that when defendant arrived with his helper and equipment the crane was already rigged or reeved so that the cable ran from the boom to a single block or pulley, back to the boom and over a sheave and back again to the block where it was dead-ended, thus providing a two-part line. The plaintiff's foreman told defendant that he preferred a three-part line and so the cable was re-reeved. The defendant testified that on this occasion the reeving was done by plaintiff and this testimony was corroborated by Howard R. Turner, defendant's oiler and helper.

The plaintiff flatly denied reeving the crane and his testimony was supported by fellow employees. The plaintiff did admit that after the crane had been re-reeved he assisted Mr. Turner in pulling the cable so that a little more thereof would lap beyond the wedge.

It is undisputed that the first of the three looms was raised and placed inside the lace mill without incident. It appears that the second loom had been raised to the height

of the opening and was partially inside the mill when, as plaintiff was preparing to receive the weight of the loom on a roller which he was holding in place, the cable snapped, the loom fell and plaintiff was hit in the left foot by a flying object which appears to have come from the loom.

It is also undisputed that plaintiff underwent surgery on several occasions, was hospitalized on each occasion, suffered great pain and was unable to work for some eight months.

The plaintiff's declaration is in five counts. The first four counts allege specific negligence, while the fifth was based on the doctrine of exclusive control, alleging in part that "said crane and its appurtenances, and the rigging, reeving, equipping and outfitting thereof, and the machinery to be hoisted, and the entire hoisting operation which the defendant was engaged to perform, as aforesaid, were all under the exclusive control, management, direction and supervision of the defendant at all times material hereto."

The count further alleges "that the incident hereinabove described was of the type which would not normally have happened in the absence of negligence; that the exact manner in which said incident occurred is peculiarly and uniquely within the knowledge of the defendant; and that, by reason of the foregoing, it may be presumed that the defendant was negligent in the premises and that he failed to observe his said duty."

The trial justice found that plaintiff was free of contributory negligence; that his story of what had happened was entitled to belief; that the cable used by defendant was insufficient for the use to which it was put; and that defendant with his experience should have been aware of it. He expressly rejected defendant's version, namely, that the cable had been cut by reason of plaintiff's improper reeving and indicated that defendant's failure to produce the cable in the course of the trial gave rise to an inference that its production would have pointed to defendant's negligence.

On the basis of the evidence as he viewed it and the credibility of the witnesses, the trial justice rendered a decision for plaintiff on the second, third and fifth counts of the declaration.

The defendant contends that the trial justice erred as a matter of law in giving decision for plaintiff on the incompatible pleadings and proof of specific and general negligence. He argues, in substance, that by pleading and attempting to prove specific negligence, plaintiff waived the benefit of the sole control doctrine. He refers our attention to *Dufresne* v. *Theroux,* 69 R. I. 280, and *Burdick* v. *South County Public Service Co.,* 54 R. I. 310. These cases are clearly distinguishable, however, from the case at bar.

In *Burdick* v. *South County Public Service Co., supra,* this court held that the trial justice properly refused to charge the jury on the doctrine of res ipsa loquitur for the reason that the declaration alleged specific acts of negligence which the plaintiff was required to prove affirmatively. There is nothing in that case to indicate that the declaration contained any count whereby the plaintiff relied on the benefits of the doctrine which she sought to invoke by her request for instructions to the jury.

*Dufresne* v. *Theroux, supra,* differs in that the second count of the declaration in that case did rely on the doctrine of res ipsa loquitur. Such count, however, also included allegations of specific negligence relied on in the first count and was defective for that reason. The defendant here, however, argues that this court went further and held that even in a proper case plaintiff could not rely on inconsistent counts. We do not so read the language of the learned justice. There, it seems to us, the court held that the plaintiff's own version of the accident was such as to deny him recourse to the doctrine, even if properly pleaded.

In the instant case plaintiff separately pleaded specific negligence but relied on an independent count to establish a

prima facie case of inferential negligence and cast on defendant the obligation to go forward by way of explanation. *Reynolds* v. *Narragansett Electric Lighting Co.*, 26 R. I. 457.

Moreover, the evidence adduced by plaintiff in support of his second and third counts is in no way inconsistent with his allegation that the operation, management and supervision of the crane and its appurtenances were within the exclusive control of defendant.

In *Shea* v. *Hern*, 132 Me. 361, that court held that where one count of a complaint charges general negligence and another count charges specific negligence, the doctrine may be applied in proving negligence under the general count even though, if both allegations of negligence had been contained in one count, the doctrine would not have been applicable. To the same effect see *Cassady* v. *Old Colony Street Ry.*, 184 Mass. 156, and *Briganti* v. *Connecticut Co.*, 119 Conn. 316.

The defendant takes the position, however, that the trial justice could not consistently find that plaintiff had proven the second and third counts and find for plaintiff on the fifth count as well. Assuming arguendo that there is merit in this contention, defendant takes nothing thereby if, notwithstanding palpable error in the decision of the trial justice as to the second and third counts, his decision as to the fifth count is not clearly wrong. In our judgment the findings of the trial justice as they relate to the fifth count are supported by the evidence. Hence, his decision is entitled to great weight and should not be disturbed. *Dupraw* v. *Dupraw*, 69 R. I. 144.

It is undisputed that defendant owned and operated the crane on the day in question and that he had reeved it with a two-part line on the day before. It is also undisputed that the immediate cause of the accident was the breaking or snapping of the 5/8-inch cable owned and used by defendant in the hoisting operation and that after the acci-

dent defendant purchased a new cable which he used in lifting the remaining loom.

Although defendant testified that the cable was comparatively new, that it had been used but five or six times, and that it parted because plaintiff had negligently reeved it over the crossbar so that it had been cut thereby, the trial justice expressly rejected defendant's explanation. He referred to the deep grooves cut into the angle iron or crossbar clearly discernible in a picture taken after the accident, and stated that it was not credible that such grooves could have resulted from one day's operation. Rather, he felt that at least months, if not years, of reeving over the crossbar would have been required to have brought about such a condition. Since from defendant's own testimony it is clear that plaintiff had not previously worked with him except for two occasions, exactly when he could not remember, it seemed obvious to the trial justice, as it does to us, that defendant's version was untenable.

The defendant argues, however, that there is no evidence to support the trial justice's finding that the cable snapped because it was insufficient to carry the weight of the looms to be lifted and that by reason of his years of experience defendant should have been aware of this. We cannot say that the trial justice was clearly wrong in this regard. It is undisputed that defendant's cable was 5/8 of an inch in diameter, but that the cable used by Perry's Express Company as spreaders was of 7/8-inch thickness. The trial justice, cognizant of this and of defendant's testimony that his cable had parted between the boom and the block, observed that defendant felt obliged to purchase a new cable before attempting to lift the remaining loom.

This observation by the trial justice is completely misunderstood by defendant. He argues quite properly that the purchase of a new cable was not evidence of negligence in the use of the cable which snapped. It was not for such

purpose that the trial justice made his observation. Rather, he was pointing to the fact that since the cable parted at a point not too far removed from the block, the original cable could have continued in use merely by extending its length off the drum. This circumstance quite properly led the trial justice to draw an unfavorable inference from defendant's failure to introduce the original cable in evidence.

In *Coia* v. *Eastern Concrete Products Co.*, 85 R. I. 128, we held that the trial justice did not err in instructing the jury that it might draw an inference from the defendant's failure to introduce in evidence a broken ladder rung which, in breaking, was the immediate cause of a personal injury to the plaintiff. There, as here, the plaintiff was relying on the doctrine of exclusive control and we justified the unfavorable inference on the proposition that the defendant had failed to go forward by way of explaining the breaking of the rung as it might have done if, having possession of the rung, the defendant had produced it in evidence.

The trial justice in the instant case was likewise entitled to draw the inference that he did and defendant's objection thereto is without merit.

Nor is there merit in defendant's contention that, whereas the trial justice had drawn an inference from the failure to produce the cable, he erred in failing to draw an inference from plaintiff's failure to call two fellow employees who might be expected to support plaintiff's burden of proof. An inspection or examination of the cable which had been used might well have proved revealing, but there is nothing to suggest that the fellow employees were in possession of information which would adversely affect plaintiff.

Finally, defendant equates the circumstances of the instant case with those in *Kilgore* v. *Shepard Co.*, 52 R. I. 151, wherein we held that negligence is not presumed from the mere fact of an accident or an injury. We are in full accord with the principle therein enunciated, but the factual situa-

tions are quite different. There it was held that the plaintiff could not rely on the doctrine of res ipsa loquitur for the reason that the chair which collapsed beneath her was under her exclusive control and use.

Here, the cable, the snapping or parting of which was the proximate cause of plaintiff's injury, was at all times under the exclusive control and use of defendant. The plaintiff contends that the dependability of such cable, absent negligence, is a matter of common knowledge. He cites *Douglas* v. *First National Stores, Inc.*, 54 R. I. 278, and other cases from this jurisdiction which, although factually different, he argues are so analogous in reason as to be in point.

The hoisting operation in which the parties were engaged is a commonplace undertaking in modern industry. It would not be so considered if, notwithstanding the exercise of due care, there could be no assurance that in the ordinary course of events such an operation would be free from danger. Moreover, there is in the instant record the plaintiff's own testimony that in more than five years of experience in similar hoisting operations he had never known of a cable to part. In our judgment no error inheres in the decision of the trial justice as to the fifth count of the plaintiff's declaration.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Bruce M. Selya, Gunning & LaFazia, Raymond A. LaFazia,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley, Crowe, Hetherington & Chester, Benjamin C. Chester,* for defendant.