268 A.2d 281.

## SINCLAIR OIL CORPORATION *vs.* NEW HAMPSHIRE INSURANCE COMPANY *et al.*

JULY 29, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

470

Powers, J.  This is an appeal from a declaratory judgment entered pursuant to a Superior Court justice's decision that on the established facts and the applicable law the petitioner for said judgment is an additional insured within the meaning of a policy of insurance issued by the defendant New Hampshire Insurance Company to Ralph's

Oil Co., Inc., a Rhode Island corporation, as the named insured.

The circumstances which gave rise to the instant action are readily stated. They disclose that on March 5, 1964, Ralph's Oil Co., Inc. was the named insured in two in force policies of insurance issued to it by defendant New Hampshire as insurer. One of these policies covered Ralph's Oil Co., Inc. for workmen's compensation liability while the other was a comprehensive liability policy (general-automobile). It is this latter policy with which the instant litigation is primarily concerned.

The ultimate circumstances further establish that on March 5, 1964, one Robert C. Ray was an employee of New Hampshire's named insured, Ralph's Oil Co., Inc. On that day while in the course of his employment, Ray drove one of his employer's oil trucks, covered by the policy in question, to the petroleum storage facilities of The Richfield Oil Corporation-Sinclair Refining Company for the purpose of loading said truck with kerosene. In connection with this loading operation, one of Richfield-Sinclair's employees took the necessary steps to meter the quantity of kerosene that would flow into the truck. This done, Ray then inserted the nozzle of Richfield-Sinclair's hose into the truck and pulled a cord which opened a valve releasing kerosene from Richfield-Sinclair's source into the truck being loaded. While kerosene was flowing into the truck, the valve release cord snapped back causing injuries to Ray.

Three days later, defendant New Hampshire received notice of the accident from its named insured, Ralph's Oil Co., Inc., Ray's employer. This notice was given in accordance with New Hampshire's workmen's compensation

policy. An undisputed copy of the report giving New Hampshire notice is in the record.[1]

On March 2, 1966, Ray commenced a civil action against Richfield and Sinclair seeking to recover damages for the personal injuries sustained on their premises. Previous thereto, specifically on December 29, 1965, Zurich Insurance Company, apparently Sinclair's carrier, wrote to New Hampshire requesting copies of medical reports as well as the amount of New Hampshire's lien arising out of its assumption of workmen's compensation benefits paid to or on behalf of Ray as an employee of Ralph's Oil Co., Inc. Additionally, Zurich advised New Hampshire that it was investigating and handling Ray's claim against Sinclair for personal injury damages.

Thereafter, on April 11, 1966, some six weeks after Ray commenced his action against Richfield and Sinclair, counsel for the latter corporations advised New Hampshire that Richfield-Sinclair considered themselves additional insureds under the terms of the comprehensive automobile liability policy issued by New Hampshire to Ralph's Oil Co., Inc. as the named insured. As such omnibus assureds, Richfield-Sinclair demanded that New Hampshire take over the defense in the civil action commenced by Ray and otherwise indemnify. New Hampshire declined, whereupon Richfield-Sinclair commenced the instant proceedings.[2]

After a hearing in the Superior Court on Sinclair's prayer for declaratory judgment, a justice of that court, on

---

[1] This report is a concise but complete statement of how, when and where Ray was injured.

[2] After this action seeking a declaratory judgment was commenced, the pleadings were amended to reflect a merger of Sinclair Refining Company into Sinclair Oil Corporation as a result of which said latter named corporation became the only named party plaintiff. An order to this effect was entered in the Superior Court on October 21, 1968.

facts not in dispute, ruled that on the authority of *Cinq-Mars* v. *Travelers Ins. Co.*, 100 R. I. 603, 218 A.2d 467, Sinclair was an additional insured and entitled to be defended and otherwise indemnified by New Hampshire. Judgment was accordingly entered and from this New Hampshire seasonably appealed.

The relevant provisions of New Hampshire's contract of insurance with Ralph's Oil Co., Inc. are as follows:

### "INSURING AGREEMENTS

"I.   Coverage A—Bodily Injury Liability:   To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.
* * *

"III.   Definition of Insured:
* * *

(2)   under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *."

### "CONDITIONS

"3.   Definitions:
* * *

(3) Non-Owned Automobile — Any other automobile.
* * *

(f) Purposes of Use. * * * Use of an automobile includes the loading and unloading thereof."

It is not disputed that Ray was a person who received bodily injury while engaged in loading Ralph's Oil Co., Inc.'s truck, covered by New Hampshire. What New Hampshire does argue is that Sinclair was not using Ralph's Oil Co., Inc.'s truck with its consent as required by the policy to establish Sinclair's status as an additional

insured. It is partially in this regard that New Hampshire attempts to distinguish the facts in the instant case from those in *Cinq-Mars* v. *Travelers, supra.*

At this juncture we think that it will be helpful to review the circumstances as well as our holding in that case and *Cinq-Mars* v. *Kelley,* 95 R. I. 515, 188 A.2d 379. Cinq-Mars, an employee of Perry's Express Company, was injured in the course of his employment, while assisting in the unloading of three large looms from the flatbed of his employer's trailer truck. Liability for injuries arising out of the "use" of Perry's truck with the latter's consent was covered by The Travelers Insurance Company. There, as in the terms of the instant defendant's policy with Ralph's Oil Co., Inc., the "use" expressly included the loading or unloading of the insured vehicle.

Cinq-Mars' injuries resulted from the negligence of one Kelley, an independent contractor, who had been engaged by Perry to lift the looms from Perry's truck by means of a crane owned and operated by Kelley. The latter's negligence consisted of his employing a cable which was either defective or of insufficient strength for the hoisting operation.

Cinq-Mars sued Kelley and, in a jury waived trial, obtained a decision for personal injuries in the sum of $17,-500 and costs. *Cinq-Mars* v. *Kelley, supra.*

When Kelley was unable to satisfy this judgment in full, Cinq-Mars sued Travelers on the theory that Kelley was an additional insured within the meaning of the omnibus provision of Travelers' contract of insurance with Perry. In that case, *Cinq-Mars* v. *Travelers,* we held that the defendant was answerable for the negligence of a third person, which negligence occurred during and was connected with the loading or unloading process. We further held that the type of negligence was immaterial if the negli-

gence alleged was an integral part of the loading or unloading process.

It is the instant defendant's contention that whereas Kelley was engaged in unloading Perry's truck with the latter's consent, having been hired by it for that purpose, Sinclair in the instant case was not involved in the loading of Ralph's Oil Co., Inc.'s truck with the latter's consent. We disagree.

The record undisputably establishes that Ralph's Oil Co., Inc., was a regular customer of Sinclair; the kerosene quantity ticket for the meter was prepared by Sinclair for sale to Ralph's Oil Co., Inc., in advance of loading the latter's truck and Ray's placing Sinclair's nozzle and hose in his employer's truck and pulling the release valve cord would not result in the flow of kerosene unless Sinclair's employee first activated the pump. These concomitant circumstances make manifest that Sinclair was participating in the loading of the oil truck with the consent of its owner, Ralph's Oil Co., Inc.

The defendant's second contention is that there was no causal connection between Ray's injury and the loading process. Stated otherwise, defendant argues that Sinclair's negligence, if any, was caused by an independent factor wholly disassociated with the loading process and not an integral part thereof. Specifically, defendant urges that the negligence, as alleged in Ray's complaint, was Sinclair's failure to maintain and keep its premises in a condition reasonably safe for use by persons lawfully upon them.

That the coverage for negligence involved in the loading or unloading process should not be extended to negligent maintenance of the premises, defendant argues, has been recognized and upheld in *Atlantic Mutual Ins. Co.* v. *Richards* [*Employers' Liability Assurance Corp., Ltd.*], 100 N. J. Super. 180, 241 A.2d 468 and *Cosmopolitan Mutual Ins. Co.*

v. *Baltimore & Ohio R.R.*, 18 App. Div.2d 460 (N. Y. 1963), among others.

An examination of these cases, however, discloses that the fact question of negligence in each of them was concerned with the alleged negligent maintenance of loading platforms which the courts held, in essence, were not connecting links in the loading or unloading process. Hence, the cases relied on by defendant are clearly distinguishable factually.

Here, while in his complaint Ray refers to Sinclair's premises as being defective, such premises are expressly stated to be the "oil filler valve," a mechanism which we are constrained to conceive as being an integral unit of the loading process. In his consideration of this argument, the trial justice pointed out that the hoisting mechanism in *Cinq-Mars* v. *Travelers, supra,* was not a part of Perry's insured truck but was nevertheless included in the complete operation, so-called, of the loading process. Continuing, he equated the hoisting mechanism employed by Kelley with the oil filler valve for which Sinclair was responsible, an equating which we think sound.

Finally, New Hampshire argues that even if otherwise entitled to be an omnibus insured, Sinclair is not entitled to the coverage provided by New Hampshire's policy with Ralph's Oil Co., Inc., for the reason that Sinclair failed to give New Hampshire notice of Ray's injury "as soon as practicable" as required by the policy. In short, it is New Hampshire's position that since Sinclair claims to be an insured, it had the obligation of conforming to the requirements of the policy. Since Sinclair did not give New Hampshire notice for some two years after Ray's injury, throughout which period it knew who was the named insured, Sinclair, New Hampshire argues, did not give notice as soon as practicable.

However, the policy requires that notice shall be given

"by or on behalf of the insured" and, as heretofore noted, New Hampshire received actual notice of Ray's injury from the named insured within several days. In this connection, we note that it is almost universally held that the test is whether the insurer was sufficiently informed of the occurrence of the accident within a time which would be reasonable under all the circumstances of each particular case. If the insurer is so informed, it makes little difference who actually gave notice. 7 Am. Jur.2d *Automobile Insurance,* §§143 and 147 (1963).

New Hampshire, conceding that such is usually the case, nevertheless argues that because the notice received by it was given in connection with its named insured's workmen's compensation policy, New Hampshire did not, in effect, receive notice under the policy by the terms of which Sinclair claims to be an additional insured. We think this contention to be without merit. In *International Harvester Co.* v. *Continental Casualty Co.,* 33 Ill. App.2d 467, 179 N.E.2d 833, plaintiff did not give notice for some 21 months and on that ground summary judgment was entered against it. It was plaintiff's contention that the delay was occasioned by the fact that it was not until then that it was able to learn the identity of defendant's named insured. The Illinois court rejected this as constituting excusable neglect on the ground that with all the investigative services at its command, plaintiff could have learned the named insured's identity if diligent.

Conversely, we are persuaded that New Hampshire, having been actually informed by its named insured to whom it was answerable under the policy here in issue, is without standing to claim that one of its divisions is so unrelated to another as to make notice to one inoperative to the other. To the same effect see *Zavota* v. *Ocean Accident & Guarantee Corp., Ltd.,* 408 F.2d 940.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Gunning & LaFazia, Raymond A. LaFazia,* for plaintiff.

*Joseph A. Kelly, Paul V. Reynolds,* for defendant.