Catherine SCITTARELLI

v.

The PROVIDENCE GAS COMPANY

v.

The HARDWICK STOVE COMPANY.

No. 78–395–Appeal.

Supreme Court of Rhode Island.

June 16, 1980.

Higgins, Cavanagh & Cooney, Gerald C. DeMaria, Albert R. Romano, Providence, for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Howard E. Walker, Providence, for Providence Gas Co.

Asquith, Wiley & Ryan, Edward W. Moses, Providence, for Hardwick Stove Co.

OPINION

BEVILACQUA, Chief Justice.

 This is a civil action in which a Superior Court jury awarded damages to the plaintiff, Catherine Scittarelli, for personal injuries sustained when the oven door in her kitchen stove flew open, struck her, and tossed her to the floor. The plaintiff filed suit against the Providence Gas Company in 1961. In 1977, the defendant moved for dismissal of the complaint for lack of prosecution, and the plaintiff responded with a motion to assign the case under an amended complaint to the continuous jury trial calendar. The Superior Court denied the defendant's motion and granted the plaintiff's.[1]

The plaintiff's amended complaint in six counts alleged that the retailer of the stove, defendant Providence Gas Company, had committed specific acts of negligence, was negligent under the doctrine of res ipsa loquitur, had breached an express warranty and implied warranties of merchantability and fitness for a particular purpose, and should be held strictly liable. The Providence Gas Company then filed a third-party complaint against the manufacturer of the stove, Hardwick Stove Company, seeking indemnity or contribution for any damage award resulting from the principal action. At the close of plaintiff's case, the Providence Gas Company moved for a directed verdict upon all counts of plaintiff's complaint. The trial justice granted the motion as to counts 4, 5, and 6, premised upon express warranty, strict liability, and res ipsa loquitur, respectively, but denied the motion as to counts 1, 2, and 3, grounded upon negligence and implied warranties of fitness and merchantability.

At the close of all the evidence when all parties rested, defendant renewed its motion for a directed verdict on counts 1, 2, and 3. The defendant Hardwick moved for direction on the third-party complaint. The trial justice reserved decision on defendants' motions and submitted the case to the jury. The jury returned a verdict for plaintiff against defendant Providence Gas Company in the sum of $14,000 and a verdict for Hardwick as to the third-party complaint. Following the jury verdict the trial justice reconsidered defendant Providence Gas Company's motion for a directed verdict and Hardwick's motion for a directed verdict, whereupon he denied defendant Providence Gas Company's motion and granted Hardwick's motion. The gas company moved for a new trial; the motion was denied.

The defendant Providence Gas Company appeals from the trial justice's denial of its motion for a directed verdict against plaintiff on the negligence and implied warranty counts and the trial justice's grant of Hardwick's motion on the third-party complaint. The plaintiff conditionally appeals the direction of verdicts for defendant on two counts,[2] one premised on a theory of res ipsa loquitur and the other founded on strict liability, in the event we sustain defendant's appeal. Because we conclude that the trial court should have directed

---

1. The defendant has appealed the denial of its pretrial motion to dismiss. Under Super.R. Civ.P. 41(b)(2) on motion of a defendant the Superior Court may, in its discretion, dismiss a complaint for lack of prosecution. In *Manton Industries, Inc. v. Providence Washington Indemnity Co.,* 113 R.I. 198, 319 A.2d 355 (1974), we affirmed the trial court's Rule 41(b)(2) dismissal because, as the trial justice found, the plaintiff had inadequately explained its failure to prosecute the case for seventeen years, and the defendant had proved that the delay had prejudiced its cause since a key defense witness had passed away in the interim.

The instant defendant has not complained that the passage of time between the assignment of the first trial date in 1963 to the actual trial in 1977 has worked to its prejudice; the defendant merely asserts that the elapse of fourteen years is reason enough to dismiss. On the contrary, under Rule 41(b)(2) and *Manton Industries,* the trial justice must weigh the equities of dismissal between the parties. Accordingly, more than the fact of delay must be shown. Absent abuse, the trial justice's exercise of discretion must stand. *Manton Industries, Inc. v. Providence Washington Indemnity Co.,* 113 R.I. at 202, 319 A.2d at 358. On the facts of the case before us we conclude that the trial court's decision was proper.

2. The plaintiff does not press the direction on the express warranty count as error.

verdicts for defendant on all counts, we need not discuss defendant's appeal in the third-party action.

The facts briefly summarized are as follows. In the autumn of 1959, plaintiff, then sixty-six years old, purchased from defendant a stove manufactured by the Hardwick Stove Company. On November 2, 1959, agents of defendant transported and installed the stove in plaintiff's kitchen. The next day plaintiff set the temperature control of the oven at 350 degrees and placed a roasting chicken in a Pyrex dish inside the oven. Sometime thereafter plaintiff noticed that the glass window in the oven door had fogged. As she approached the stove she heard and saw the glass crack. The oven door opened and struck plaintiff just above the waist pushing her over backwards onto the kitchen floor.

The plaintiff's son telephoned the Providence Gas Company to notify it of what had occurred. Gas company servicemen, the day after the accident, replaced the oven door with a windowless door, inspected and tested the stove, and found it fully operational.

In the fall plaintiff sustained injuries to her back for which she was treated over several months. Although plaintiff had a prior history of back problems, she testified that her movement was more restricted after the accident.

I

We note that a record containing the trial justice's reasons for his decision on the motions for directed verdicts is not available to us. Nevertheless, settled Rhode Island law requires the trial justice to view the evidence in a light most favorable to the plaintiff, drawing every reasonable inference therefrom on his behalf, and to deny the motion for a directed verdict if he discerns triable issues upon which reasonable minds may differ. On review we place ourselves in the identical posture of the trial justice; we examine the evidence in the same manner and are bound by the same rules. *Geremia v. Benny's, Inc.*, R.I., 383 A.2d 1332,

1334 (1978); *Plouffe v. The Goodyear Tire & Rubber Co.*, 118 R.I. 288, 294–95, 373 A.2d 492, 495–96 (1977).

■ To avoid a directed verdict for defendant on the *res ipsa* and specific-negligence counts, therefore, plaintiff must have established a *prima facie* case of negligence. *Marshall v. Tomaselli*, 118 R.I. 190, 195, 372 A.2d 1280, 1283 (1977); *Salk v. Alpine Ski Shop, Inc.*, 115 R.I. 309, 312, 342 A.2d 622, 625 (1975); *Gleason v. Almac's, Inc.*, 103 R.I. 40, 44, 234 A.2d 350, 352 (1967). The plaintiff premised her theory of specific negligence on an allegation that defendant breached its duty to inspect and to test the stove before and after installation in her home and failed to warn her of any defect in the stove. We have recognized a duty in a seller of goods manufactured by another to warn purchasers of a dangerous defect in the product if the seller knows or has reason to know that the product poses a danger to consumers. Incident to this duty to warn is a duty to acquire knowledge about the products through reasonably adequate inspections and tests. In Rhode Island the failure to execute this duty will constitute actionable negligence. *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 182, 283 A.2d 255, 258 (1971); *see San Antonio v. Warwick Club Ginger Ale Co.*, 104 R.I. 700, 708–09, 248 A.2d 778, 782 (1968). *See also Molinari v. Sinclair Refining Co.*, 111 R.I. 490, 495, 304 A.2d 651, 654 (1973). In order to prove negligent inspection and testing a plaintiff must establish a standard of care with respect to inspection and testing and the defendant's deviation from that standard. *See Marshall v. Tomaselli*, 118 R.I. at 196, 372 A.2d at 1283; Prosser, *Law of Torts* § 53 (4th ed. 1971).

■ From our reading of the transcript we conclude that plaintiff did not set forth, by evidence of either customary practices in the industry or past practices of defendant, an actual standard of care by which defendant should have abided, nor did she hypothesize by expert testimony an industrywide standard of care. Nevertheless, it generally can be presumed that de-

fendant had to exercise reasonable care in the light of the apparent risks involved. 2 Restatement (Second) Torts § 402 at 345 (1965); Prosser, *supra* § 53. But even were we to assume that some general standard of care for inspecting and testing stoves existed, we find the record in this case devoid of evidence showing that the general standard was breached. The fact of the occurrence alone is inadequate proof of improper inspection and testing. *See San Antonio v. Warwick Club Ginger Ale Co.*, 104 R.I. at 709, 248 A.2d at 782–83; *Gleason v. Almac's, Inc.*, 103 R.I. at 44, 234 A.2d at 352.

The plaintiff claims that she established the inadequacy of the preinstallation and postinstallation inspection and testing. With regard to the first inspection plaintiff called as a hostile witness a Providence Gas Company employee, John Bradshaw, who testified that nineteen years earlier another gas company employee had performed a detailed twenty-one step check on the Scittarelli stove according to a check list dated November 2, 1959. The plaintiff pointed to no instance, however, where the inspector neglected to conduct one of the standard tests or inspections listed on the form, nor did she suggest a procedure not mentioned on the form that should have been followed.

The evidence of the postinstallation inspection was even less probative of negligence. The plaintiff merely elicited from Mr. Bradshaw that neither defendant nor the agents it hired to install the stove usually conducted the same inspection after installation as the gas company performed before delivery. There was no evidence of what actually took place during the installation of the Scittarelli stove.

Mr. Bradshaw did testify, however, that as a general practice the installers turned on a stove to ascertain if it operated after they completed the installation. On this evidence a jury could only speculate about whether defendant through its agents breached any actual or hypothetical duty to inspect or to test the stove once installed.

■ As additional evidence of defendant's negligence plaintiff submits that an employee of defendant admitted responsibility for the accident. When plaintiff's son, Joseph Scittarelli, telephoned the gas company after the accident to request a repairman, the person he spoke with responded, "Those things happen once in a while, you can't help it. We'll send somebody up." Aside from the lack of evidence establishing the speaker's identity, authority, and knowledge of the accident or of the workings of this type of stove, the statement in and of itself does not amount to a party admission of negligence. *McCormick's Handbook of the Law of Evidence*, § 263 at 631–32, § 267 at 640 (2d ed. Cleary 1972).

■ The plaintiff also contends that she has established defendant's negligence by excluding all other possible explanations for the accident. By stipulation the parties eliminated any negligence on the part of plaintiff as a cause of the accident. This falls short, however, of pointing to defendant as a negligent party. She was not, of course, required to eliminate all possible causes save defendant's negligence to escape a directed verdict, but she was required to introduce evidence from which defendant's negligence could reasonably have been inferred. *Hill v. State*, R.I., 398 A.2d 1130, 1132 (1979); *Goyette v. Sousa*, 90 R.I. 8, 17–18, 153 A.2d 509, 514 (1959); *Minutilla v. Providence Ice Cream Co.*, 50 R.I. 43, 48, 144 A. 884, 887 (1929); *see McCabe v. Boston Consol. Gas Co.*, 314 Mass. 493, 496, 50 N.E.2d 640, 641 (1943). This she has failed to do. The defendant's negligence remains a matter of speculation and conjecture.

II

■ The plaintiff additionally contends that the trial justice erred in directing a verdict for defendant on the *res ipsa loquitur* count. However, in order to recover under the doctrine of *res ipsa loquitur*, plaintiff must have established that the accident was one that in the ordinary course of events occurs when someone is negligent and that at the time of the accident defendant exclusively controlled the instrument of

plaintiff's injury.[3] *Carnevale v. Smith*, R.I., 404 A.2d 836, 840 (1979); *Marshall v. Tomaselli*, 118 R.I. at 198, 372 A.2d at 1284; *Cinq-Mars v. Kelley*, 95 R.I. 515, 523, 188 A.2d 379, 384 (1963); *Coia v. Eastern Concrete Prod. Co.*, 85 R.I. 128, 132, 127 A.2d 858, 860 (1956); *Kilgore v. The Shepard Co.*, 52 R.I. 151, 154, 158 A. 720, 721 (1932).

█ The quantum of proof necessary to meet the latter burden depends on the facts of each case. If the jury, relying on their common sense, would expect to find a negligent agency as the cause of the accident, the occurrence itself suffices to raise an inference of negligence. *E. g., Coia v. Eastern Concrete Prod. Co.*, 85 R.I. 128, 127 A.2d 858 (1956); *Motte v. First National Stores, Inc.*, 76 R.I. 349, 70 A.2d 822 (1950); *Reynolds v. Narragansett Electric Lighting Co.*, 26 R.I. 457, 59 A. 393 (1904); *Ellis v. Waldron*, 19 R.I. 369, 33 A. 869 (1896). But when the occurrence involves a circumstance, instrumentality, or procedure about which the average person knows little, then plaintiff may introduce expert testimony or circumstantial evidence to fill in the gaps in the average juror's experience. *Marshall v. Tomaselli*, 118 R.I. at 198, 372 A.2d at 1284–85; *Wilkinson v. Vesey*, 110 R.I. 606, 631, 295 A.2d 676, 691 (1972); *Cinq-Mars v. Kelley*, 95 R.I. at 523, 188 A.2d at 384; *Kearner v. Charles S. Tanner Co.*, 31 R.I. 203, 215, 76 A. 833, 837 (1910).

Although we have not until now considered whether *res ipsa* should apply to cases where a gas stove is the instrument of plaintiff's injuries, other jurisdictions have held that the mere fact of an explosion in a gas stove, without additional evidence, is not sufficient to raise an inference of negligence, and therefore the doctrine is inapplicable. *Davis v. Aetna Ins. Co.*, 291 So.2d 486, 488 (La.App.1974); *McCabe v. Boston Consol. Gas Co.*, 314 Mass. at 496, 50 N.E.2d at 641; *Niswander v. Kansas City Gas Co.*, 181 S.W.2d 165, 167 (Mo.App.1944); *Pernick v. Central Union Gas Co.*, 183 App.Div. 543, 544, 170 N.Y.S. 245, 248 (1918); *see Pastour*

*v. Kolb Hardware, Inc.*, 173 N.W.2d 116, 125–26 (Iowa 1969) (expert testimony on workings of stove established facts from which the likelihood of defendant's negligence could be inferred under *res ipsa* instruction); *cf. Franklin v. Skelly Oil Co.*, 141 F.2d 568, 570–71 (Okl. 10th Cir. 1944) (liquefied gas system explosion); *Byars v. Arizona Public Service Co.*, 24 Ariz.App. 420, 426, 539 P.2d 534, 540 (1975) (natural gas explosion); *Zanardi v. The Pacific Telephone & Telegraph Co.*, 134 Cal.App.2d 3, 10–11, 284 P.2d 851, 856 (1955) (oil heater explosion). In the absence of explanatory evidence courts have found that a jury could only speculate on the cause of the explosion and the question of a defendant's negligence. *McCabe v. Boston Consol. Gas Co.*, 314 Mass. at 496, 50 N.E.2d at 641; *Niswander v. Kansas City Gas Co.*, 181 S.W.2d at 167–68; *see Carnevale v. Smith*, R.I., 404 A.2d at 841.

█ In the instant case we conclude that plaintiff cannot avail herself of the *res ipsa loquitur* doctrine because without the aid of additional information about what actually occurred before and after the accident and what caused the door to open, a jury could only speculate that negligence on the part of defendant precipitated the event. As plaintiff asserts, most persons are familiar with the general operation of a stove and know that an oven door does not usually open by itself. Beyond this, however, a person of ordinary experience could not infer what caused the door to open and whether the cause involved negligence. The plaintiff produced no evidence of a malfunction in the stove other than a shattered glass window in the oven door. She claims an explosion in the oven caused the glass to shatter. But she did not present further evidence of an explosion, nor through expert testimony did she posit what one might expect to find at the scene of an oven explosion. Other possible theories, some of which do not implicate negligence, might explain how the oven door

---

**3.** The third element of proof of *res ipsa*—the absence of plaintiff's contributory negligence—was not an issue in this case since the parties stipulated that plaintiff in no way caused the accident.

shattered. On the facts in this record, however, no one theory is more probable than another. Accordingly, we find that plaintiff has failed to establish the likelihood that negligence precipitated the accident. Whether defendant has exclusive control over the stove, therefore, is irrelevant. *See Carnevale v. Smith*, R.I., 404 A.2d at 840. The trial justice properly directed a verdict for defendant on the *res ipsa loquitur* count.

### III

The plaintiff also sought to establish defendant's liability by alleging a breach of implied warranties of merchantability and of fitness for a particular purpose,[4] and by claiming that defendant should be held strictly liable for her injuries.[5] The trial justice submitted the case to the jury on the warranty counts.

■ As a threshold element of tort liability for personal injuries under each theory a plaintiff must prove that the defendant sold a defective product which posed a threat of injury to potential consumers.[6] *Geremia v. Benny's, Inc.*, R.I., 383 A.2d at 1334; *Plouffe v. The Goodyear Tire & Rubber Co.*, 118 R.I. at 295, 373 A.2d at 496; *Romano v. Westinghouse Electric Co.*, 114 R.I. 451, 462, 336 A.2d 555, 561 (1975); *Ritter v. Narragansett Electric Co.*, 109 R.I. at 188, 283 A.2d at 261; *see Keenan v. Cherry & Webb*, 47 R.I. 125, 131, 131 A. 309, 311 (1925) (sales act warranty). The trial justice so instructed the jury with respect to the warranty counts.

■ The instant plaintiff has not produced direct or circumstantial evidence of a defect in her stove. Proof that the oven door opened does not tend to establish that the stove was defective. *See Geremia v. Benny's, Inc.*, R.I., 383 A.2d at 1334; *Plouffe v. The Goodyear Tire & Rubber Co.*, 118 R.I. at 296, 373 A.2d at 496; *San Antonio v. Warwick Club Ginger Ale Co.*, 104 R.I. at 710, 248 A.2d at 783. Indeed, the testimony of the repairman who examined the stove after the incident indicated that he had found the stove in working order, the oven pilot burning, the flue clear, and the gas flowing at the correct rate. Aside from the shattered glass in the oven door, the stove was operating normally. The evidence does not reveal that any defect was ever found. In fact, the stove apparently functioned properly thereafter. On these facts we cannot begin to guess what part, if any, of the stove was defective.

In support of her contention that she adduced sufficient evidence of a defect in the stove, plaintiff has referred us to a recent opinion of the Appellate Division of the Superior Court of Connecticut, *Liberty Mutual Insurance Co. v. Sears, Roebuck & Co.*, 35 Conn.Supp. 687, 406 A.2d 1254 (1979). The plaintiff in that case faced a similar problem in proving a defect to sustain counts of strict liability and breach of warranty.

The plaintiff insurance company alleged that a defective television set which the insured had purchased from the defendant had burst into flames causing fire damage

---

**4.** Although the trial justice stated that the particular and the ordinary use of the stove was as a cooking device, defendant did not object to the failure of the trial justice to require plaintiff to show that she intended to use the stove for something other than its usual purpose before she could allege a breach of the warranty of fitness for a particular purpose. *See generally, D'Onofrio v. First National Stores, Inc.*, 68 R.I. 144, 148–49, 26 A.2d 758, 760 (1942) (sales act warranty); *Keenan v. Cherry & Webb*, 47 R.I. 125, 131, 131 A. 309, 311 (1925) (sales act warranty).

**5.** The defendant contends that since this action accrued prior to any recognition by this court of the doctrine of strict liability, we should

apply the rule of prospectivity in this matter. But because plaintiff failed to establish a defect in the stove, strict liability is not applicable. We therefore need not consider the question of whether the doctrine of strict liability should apply retroactively.

**6.** For an enumeration of the other elements of each theory of action see *Plouffe v. The Goodyear Tire & Rubber Co.*, 118 R.I. 288, 294, 373 A.2d 492, 495 (1977) (warranty) and *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 188, 283 A.2d 255, 261 (1971) (strict liability). *See also* G.L.1956 (1969 Reenactment) §§ 6A–2–314 to –315.

to real and personal property. The plaintiff could not, however, point to a specific defect in the charred remains of the television set.

Notwithstanding the lack of direct evidence of a defect the court stated:

"It is not necessary that the plaintiff in a strict tort action establish a specific defect so long as there is evidence of some unspecified dangerous condition. * * * The jury may rely on circumstantial evidence to establish the dangerous condition of the product. In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A." *Id.* at 691, 406 A.2d at 1256 (citations omitted).

Armed with these principles the court culled evidence tending to indicate the existence of a defect. Based on testimony pinpointing the set as the cause of the fire and establishing the normal use of the set prior to the fire, on evidence of the set's malfunctioning, and on the common knowledge that nondefective televisions do not self-ignite, the court concluded that a jury could reasonably infer that the set was defective. *Id.* at 691, 406 A.2d at 1257.

While we find the reasoning of the Connecticut court perceptive and its conclusions supportable, we believe the *Liberty Mutual* case is clearly distinguishable from the one before us. No one could have discovered the precise defect that must have existed in the television set because the fire reduced the set to ashes. Both parties in the case *sub judice* had ample opportunity after the accident to inspect the Scittarelli stove. Indeed, the repairman who examined the stove after the incident found no evidence of a defect. The circumstantial evidence of a defect in *Liberty Mutual* was so overwhelming that the inference that a defect existed was inescapable. In the case before us, however, the lack of evidence of a defect left the question open to speculation. Speculation will not suffice as proof of a defect. *Geremia v. Benny's, Inc.*, R.I., 383 A.2d at 1334; *Plouffe v. The Goodyear Tire & Rubber Co.*, 118 R.I. at 296, 373 A.2d at 496.

After examining the record we conclude that the plaintiff has not produced sufficient proof of a defect in the stove to support an action in warranty or strict liability. Therefore, we hold that the trial justice erred by not directing a verdict for the defendant on both warranty counts, and we sustain his direction on the strict liability count.

For the reasons stated, the defendant's appeal is sustained, the plaintiff's conditional appeal is denied and dismissed, and the case is remanded to the Superior Court for entry of final judgment for the defendant.

MURRAY, J., did not participate.