# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION )
)
Limited to: ) C.A. No. N17C-10-146 ASB
)
PRISCILLA PETIT, Individually and )
as Personal Representative for the )
Estate of RAYMOND A. PETIT, )
deceased. )

Submitted: May 27, 2020
Decided: August 31, 2020

*Upon Defendant Hennessy Industries, LLC's*
*Motion for Summary Judgment:*
***Granted.***

## MEMORANDUM OPINION

Adam Balick, Esq., Michael Collins Smith, Esq. and Patrick J. Smith, Esq., BALICK & BALICK, LLC, Wilmington, Delaware, Attorneys for Plaintiff.

Megan T. Mantzavinos, Esq., and Eileen M. Ford, Esq., MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware, Attorneys for Defendant.

**Adams, J.**

Pending before the Court is Defendant Hennessy Industries, LLC's ("Defendant") Motion for Summary Judgment. The Court held oral argument on May 5, 2020 and ordered additional briefing on the application of *Stigliano v. Westinghouse*[1] to the facts of this case. For the reasons stated herein, the Court grants Defendant's Motion for Summary Judgment.

## Background

Plaintiff Raymond Petit ("Plaintiff") died from mesothelioma, allegedly caused by exposure to asbestos over the course of Petit's career working with AMMCO brake arcing and lathe machines.[2] Plaintiff worked for A-1 Auto Parts from 1981 to 1986 and worked for McLaughlin Auto and Body Shop from 1986 to 1989.[3] Plaintiff worked with AMMCO machines at both shops. With regard to his work at A-1 Auto Parts, Plaintiff testified that he used the lathe to turn brake drums "several times a day" and would turn "maybe 20, 30 drums on a weekend."[4] Plaintiff also testified that "a couple of customers" liked to have the brake shoes fit to the

---

[1] 2006 WL 3026171 (Del. Super. Oct. 18, 2006).
[2] Hennessy is the successor-in-interest to AMMCO Tools, Inc., a brake lathe and arcing machine manufacturer.
[3] Pl.'s Ex. A at 72:10-14, 78:24–79:6. All references to exhibits are from either Defendant Hennessy Industries, LLC's Opening Memorandum in Support of its Motion for Summary Judgment or Plaintiffs' Memorandum in Opposition to Defendant Hennessy Industries, LLC's Motion for Summary Judgment.
[4] Pl.'s Ex. A at 74:23–75:2.

drums and he would grind the brake shoes "occasionally."[5] Plaintiff defined "occasionally" as "a couple of times a day" or, depending on how busy the shop was, "maybe a couple of times a week."[6] Plaintiff also testified, however, that grinding shoes was "not a regular" occurrence and "happened once in a blue moon."[7]

Plaintiff's process for turning a brake drum was to "sandpaper it down a little bit, get off whatever was left in there, and then measure, then start proceed [sic] to cutting."[8] Plaintiff would usually walk away to do other tasks once the drum or rotor was set up on the lathe, but sometimes he would watch to make sure the lathe was operating correctly.[9] Plaintiff testified that the cause of his asbestos exposure from using the lathe was from "stuff" in the drums and sanding them down.[10] Plaintiff testified that he breathed in dust from the brake drum "lining and stuff like that," which Plaintiff testified contained asbestos.[11] Plaintiff also testified that he was exposed to asbestos dust from cleaning the machines and emptying the dust collection bags.[12] When asked whether he could recall the manufacturers of the

---

[5] Pl.'s Ex. A at 75:7-19.
[6] Pl.'s Ex. A at 75:17-23.
[7] Def.'s Ex. A at 230:14-18.
[8] Def.'s Ex. A at 215:21–216:1.
[9] Def.'s Ex. A at 226:18-25.
[10] Def.'s Ex. A at 227:19-24.
[11] Pl.'s Ex. A at 81:7-19.
[12] Pl.'s Ex. B at 223:13-17, 229:3-7, 234:20–235:3.

brake drums he was using on the lathe at A-1 Auto Parts, Plaintiff testified that he "used everything from Wagner, Bendix" and he could not remember them all.[13]

## Discussion

During oral argument, Plaintiff conceded that his strict liability and punitive damages claims were without merit. The Court therefore grants Defendant's Motion with respect to these claims.[14] The Court will address Defendant's remaining grounds for summary judgment in turn.

1. Product Identification

Defendant argues that Plaintiff's identification of AMMCO products is insufficient. Defendant takes issue with Plaintiff's error in spelling "AMMCO" incorrectly as "A-A-M-C-O" when identifying the machine's manufacturer and with Plaintiff's description of the machine as a single unit situated on a table, rather than two separate pieces. Plaintiff provided a physical description of the AMMCO machines and described his use of the machines throughout his testimony.[15] Plaintiff also submitted an AMMCO image and description of a machine that matches Plaintiff's descriptions, corroborating his testimony regarding the single-unit machines.[16] Plaintiff sufficiently identified working with AMMCO arcing and lathe

---

[13] Pl.'s Ex. A at 72:9, 74:11-15.
[14] *See* Oral Arg. Tr. 57:10-16, 74:1-8.
[15] *See* Pl.'s Ex. B at 128:17–220:14.
[16] Pl.'s Ex. E.

4

machines. Therefore, Defendants' Motion on product identification grounds is denied.

2. Bare Metal Defense

Defendant also argues that Plaintiff's failure to identify an asbestos-containing product manufactured by Defendant warrants summary judgment. It is undisputed that the AMMCO machines, themselves, did not contain asbestos. Rhode Island jurisprudence, however, rejects the bare metal defense in favor of "a more fact-specific and nuanced analysis" and "supports recovery against a manufacturer of a product even where the manufacturer's original product did not contain asbestos."[17] A defendant has a duty to warn "if he had reason to know about the product's dangerous propensities which caused plaintiff's injuries."[18]

In *Lindquist v. Buffalo Pumps, Inc.*, the court held that there were triable issues of fact with respect to the defendant's duty to warn, despite the fact that the defendant's product did not contain asbestos.[19] The record suggested "that the manufacturer knew exactly how the pump would be used in relation to the packing

---

[17] *See Baumgartner v. American Standard, Inc.*, 2015 WL 4523476 (citing *Sweredoski v. Alfa Laval, Inc.*, 2013 WL 3010419, at *5); *See also Lindquist v. Buffalo Pumps, Inc.*, 2006 WL 3456346 (R.I. Super. Nov. 28, 2006).
[18] *Thomas v. Amway Corp.*, 488 A.2d 716, 722 (R.I. 1985) (citing *Scittarelli v. Providence Gas Co.*, 415 A.2d 1040, 1043 (R.I. 1980)).
[19] 2006 WL 345346, at *3.

and gaskets."[20] The defendant was "not being asked to 'anticipate every conceivable design' in which its pump can be used."[21] The *Lindquist* court found that the evidence created a triable issue of fact as to whether the defendant "knew or should have known of the dangers posed by its pumps when serviced in the manner intended, and whether it breached a duty when it did not warn of those dangers."[22]

Although the present case does not involve replacement parts, the reasoning of *Lindquist* is applicable. Plaintiff submitted evidence that AMMCO knew it was virtually guaranteed that its product would be used on asbestos-containing brake products, that the use of its machine on asbestos-containing brake products would result in the release of friable asbestos, and that the bag that was attached to the machine, for the express purpose of containing the asbestos dust, did not work.[23] This evidence is sufficient to create an issue of fact as to whether Defendant had a duty under Rhode Island law to warn of the dangers of asbestos exposure associated with the use of its arcing and lathe machines. The Court therefore denies Defendant's Motion based on the bare metal defense.

---

[20] *Id.* at *3.
[21] *Id.* at *3.
[22] *Id.* at *2.
[23] *See* Pl.'s Ex. D at 20:5-12, 62:2-21, 93:11-19, 194:6–195:8.

3. *Stigliano*

Following oral argument on the Motion, the Court requested additional briefing on the issue of whether *Stigliano* extends to manufacturers of third party machines that are used in connection with other users' products. Unsurprisingly, the parties differ on *Stigliano*'s application to such a situation. The Court agrees with Defendant that *Stigliano* applies to such a situation, but not for the reasons Defendant suggests.

> In *Stigliano v. Westinghouse*, this Court ruled:
>
> > When the record reveals that a defendant manufactured both asbestos-containing and non asbestos-containing versions of a product during the time period of alleged exposure, in the absence of evidence directly or circumstantially linking the plaintiff to the asbestos-containing product, the Court cannot draw the inference of exposure and summary judgment on product nexus must be granted.

Once a defendant puts forth evidence that it manufactured both asbestos-containing and non asbestos-containing versions of a product, the plaintiff must put forth evidence that he or she was exposed to the asbestos-containing version of the product in order to overcome a motion for summary judgment. In other words, in order for Plaintiff to defeat summary judgment in this action, he must show that he was exposed to an asbestos-containing brake while using the AMMCO machine.

Contrary to Defendants' argument, *Stigliano* does not limit the use of reasonable inferences by the Court or the trier of fact. Pursuant to Delaware's summary judgment standard, the Court must view the record, "including any

7

reasonable inferences to be drawn therefrom," in the light most favorable to the nonmoving party.[24] *Stigliano* simply requires "evidence directly or circumstantially linking the plaintiff to the asbestos-containing product" in cases where the plaintiff worked with both asbestos-containing and non-asbestos-containing versions of a product.[25] Plaintiff failed to submit such evidence.

Plaintiff submitted Bendix interrogatory responses from 2006 to support his assertion that he was exposed to asbestos-containing dust from his work with the AMMCO machines. Plaintiff testified generally that he used Bendix brake products, but was unable to identify particular brands of drums as he worked because he was not the person removing the drums from the vehicles.[26] Plaintiff did not know, but "assumed," that the dust from the drums contained asbestos.[27] Defendant submitted another set of Bendix interrogatory responses from 2014 showing that Bendix also produced non-asbestos-containing products during the relevant time period. Plaintiff failed to submit any evidence showing that the specific Bendix products he worked with in conjunction with the AMMCO machines contained asbestos, or any evidence that any of the brake products he used with the AMMCO machines released

---

[24] *Stayton v. Clariant Corp.*, 2014 WL 28726, *1 (Del. 2014) (quoting *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 191 (Del. 2009)).
[25] *Stigliano v. Westinghouse*, 2006 WL 3026171 (Del. Super. Oct. 18, 2006).
[26] Def.'s Ex. A at 227:19–228:5.
[27] Def.'s Ex. A at 227:19–228:5.

8

friable asbestos.[28]  Plaintiff, therefore, fails to meet the standard under *Stiglano* and the Court will grant Defendant's Motion on this basis.

### 4. *Sweredoski* Causation

The Rhode Island Superior Court adopted the *Lohrmann* frequency, regularity and proximity test in *Sweredoski v. Alfa Laval, Inc.*[29]  In order to satisfy the causation standard under *Sweredoski*, a plaintiff must present evidence showing exposure to a particular product on a regular basis, over an extended period of time, in proximity to where the plaintiff actually worked.[30]  "[M]ere proof that the plaintiff and a certain asbestos product are at the same location at the same time, without more, does not prove exposure to that product."[31]  The plaintiff must prove "more than a casual or minimum connection with the product."[32]

---

[28] This lack of evidence is contrasted with *In re Asbestos Litig. (Henderson)*, 2011 WL 684164 (Del. Super. Feb. 2, 2011), cited by Plaintiff, where plaintiffs produced evidence linking plaintiffs to exposure from asbestos-containing gaskets.

[29] 2013 WL 3010419 (R.I. Super. June 13, 2013).  Delaware courts refer to *Sweredoski* when undergoing a causation analysis in an asbestos case under Rhode Island substantive law.  "The Rhode Island Supreme Court has not established a set standard for causation in the state, and the well analyzed decision in *Sweredoski* lays out exactly why the Superior Court of Rhode Island applied the frequency, regularity, and proximity test."  *In re: Asbestos Litigation (Leathers)*, 2017 WL 5593522, at *1 (Del. Super. Nov. 8, 2017).

[30] *Leathers*, 2017 WL 5593522, at *1 (citing *Sweredoski*, 2013 WL 3010419, at *5).

[31] *Id.*

[32] *Id.*

In support of his claims of friable asbestos exposure, Plaintiff cites a *New York Times* article from 1982 about the ubiquity of asbestos in automotive parts and the testimony of Craig Mountz, AMMCO's corporate representative. The *New York Times* article highlights the use of asbestos in the industry in general, but does not aid Plaintiff in satisfying the *Sweredoski* standard. The Mountz testimony supports Plaintiff's arguments regarding AMMCO's knowledge about the use of its products generally, but does not provide the necessary connection between Plaintiff's alleged exposure to friable asbestos and his actual work with AMMCO machines.

Defendant contends that the dust Plaintiff was exposed to was created by metal-on-metal friction and there is no evidence supporting Plaintiff's testimony that this dust contained asbestos. Plaintiff testified to sanding down the brake drums prior to using the AMMCO machine.[33] Plaintiff did not rebut Defendant's argument that the dust created by Plaintiff's use of the AMMCO lathe would have been composed of metal shavings and not asbestos. Plaintiff did not submit any evidence or testimony providing more than a self-described assumption that the dust created or collected by the AMMCO machines contained asbestos.

The evidence in the record is not sufficient under the *Sweredoski* standard because it does not provide a basis for a reasonable inference as to the frequency and regularity of Plaintiff's exposure to friable asbestos. Plaintiff submitted evidence of

---

[33] Def.'s Ex. A at 215:21–216:1.

10

the frequency and regularity of his use of the AMMCO machines during his career. This evidence does not extend, however, to the frequency and regularity of Plaintiff's exposure to friable asbestos in connection with his use of the AMMCO machines.

## Conclusion

For the foregoing reasons, Hennessy Industries, LLC's Motion for Summary Judgment is **GRANTED.**

Meghan A. Adams, Judge

11